# THE QUEEN *vs.* HENRY F. POOR.

## MOTION TO QUASH.

### HEARING, SEPTEMBER 25, 1893. DECISION, NOVEMBER 3, 1893.

#### JUDD, C.J., BICKERTON AND FREAR, JJ.

##### FOUR INDICTMENTS FOR EMBEZZLEMENT.

The quashing of an indictment does not terminate proceedings which were commenced before a committing magistrate. A second indictment may be presented without a re-examination before the committing magistrate.

Jeopardy does not attach until a jury has been impanelled and sworn, nor unless the indictment is valid.

Failure to prosecute upon an invalid indictment, or at a term of court during which a person is committed by a magistrate, does not operate as an acquittal.

Where a person is committed by a magistrate during one term of the trial court, the term next succeeding the commitment is the next term of the court.

Former acquittal is not a proper ground for a motion to quash.

A plea of former acquittal should show that the same person was acquitted of the same offense in a court of competent jurisdiction upon a valid indictment, and should be supported by proper evidence.

### OPINION OF THE COURT, BY FREAR, J.

The defendant was committed by the Police Justice of Honolulu on the 7th day of July, 1892, for trial before the next term of the Supreme Court. At that date the said Court was in session, holding the regular July Term. On July 29th, five indictments were found against defendant and presented to the Court. On July 30, 1892, the last day of the term, the defendant filed a motion to quash the indictments on the ground that they had not been presented by an officer having any legal authority to present the same, the indictments having been signed by H. A. Widemann, as

Attorney-General *ad interim* by his deputy, Chas. Creighton.

The question was reserved for the Supreme Court in Banco. The motion was sustained by a decision of that Court filed October 15, 1892. At that date the regular term of the Supreme Court was being held. On the 28th of October, 1892, five indictments were presented, and the defendant was allowed until the January Term, 1893, to plead. In the meantime the new Judiciary Act came into force and the said January Term was not held, but by law all cases returnable at that term went on the calendar for the February Term, 1893, of the Circuit Court of the First Circuit. At that term these cases were, by order of the Court, continued until the May Term, at which term the defendant demurred to the indictments. The above statement of facts is taken from the decision of this Court rendered in these cases July 25, 1893. The demurrer was overruled by the Circuit Court in a decision filed June 13, 1893. Exceptions were taken to the ruling of the Circuit Court, but this Court, for reasons stated in its decision above referred to, declined to entertain the exceptions. It would seem from the briefs of counsel that the defendant was tried on one of the indictments at the last August Term of the Circuit Court, the trial resulting in the acquittal of the defendant on the 9th of said month. On the 15th of the same month, the defendant moved to quash the remaining four indictments, and the questions raised by these motions were reserved by the Circuit Court for the decision of the Supreme Court.

The reasons assigned for quashing the indictments will be taken up in their order.

"First:—That all proceedings which were commenced before the Police Judge of Honolulu as a committing magistrate in July, 1892, came to an end with the decision of the Supreme Court sustaining the motion to quash made at the July Term, 1892, of said Supreme Court."

The Court, in allowing the motion to quash, held in effect that the indictments were void,—because presented by no officer having authority to present the same. This being so,

the case stood as if no indictments had been presented. The proceedings upon those particular indictments came to an end; but, being nullities, they could not vitiate other proceedings which were properly taken.

"Second:—That defendant having had one indictment presented against him at said July Term of the Supreme Court was thereby placed in jeopardy and cannot therefore be so placed again."

Our Constitution does not contain the provision found in the constitutions of most of the United States, that no person shall be put twice in jeopardy for the same offense, but it provides, as is the case with a number of the constitutions of the United States, that "no person shall be required to answer again for an offense, of which he has been duly convicted or of which he has been duly acquitted." It is unnecessary for us to consider whether there is any substantial difference between these provisions, for it is well settled that a person is not put in jeopardy by the presentation of an indictment which is so defective that no valid judgment can be rendered upon it, nor until a jury has been impanelled and sworn. Cooley Const. Lim. (6th Ed.), page 399; 11 Am. & Eng. Encyc., pp. 926, 930, 933. In the present case the quashed indictments were utterly void, and no jury was impanelled or sworn.

"Third:—That the failure to prosecute upon the indictment found at said term operates as an acquittal of the accused."

The indictments being void, failure to prosecute upon them could not operate as an acquittal. There could be no legal prosecution upon them. Further, the statute (Sec. 3, Ch. XL., Laws of 1876,) provides that "the failure to prosecute upon the indictment if found at the ensuing term of the court," except in certain cases, "shall operate as an acquittal of the accused." The commitment having been made during the July Term, the ensuing term was the October Term, and consequently a failure to prosecute at the July Term was not a failure to prosecute at the ensuing term.

"Fourth:—That the presentation of the present indictment was deferred beyond the term of the court next succeeding the committal."

In point of fact the present indictments were presented at the October term, which, as shown above, was the term of the court next succeeding the committal.

"Fifth:—That defendant should be discharged, as he has already been acquitted of the same offense on Wednesday, August 9th, 1893, and now pleads *autrefois acquit.*"

Former acquittal is not a proper ground for a motion to quash. It is a distinct plea in bar. It should set out the facts which show that the defendant has been formerly acquitted of the same offense in a court of competent jurisdiction upon a valid indictment, and should be supported by proper evidence. The pleas filed in these cases do not contain averments of the facts constituting jeopardy; the record in the former case is not adduced in support of the plea; nor is there any evidence before this Court to enable us to pass upon the identity of the person or of the offense, or upon the competency of the court or the validity of the indictment. We therefore cannot consider this plea.

The motion to quash should be overruled.

*F. M. Hatch,* for the prosecution, *G. K. Wilder, Deputy Attorney-General,* with him.

*A. P. Peterson,* for defendant.